IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01064-GPG

LEON BARTLETT,

    Plaintiff,

v.

THE PEOPLE OF THE STATE OF COLORADO,
RICK RAEMISCH, and
MARY CARLSON,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff Leon Bartlett is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. Plaintiff, a *pro se* litigant, initiated this action by filing a Prisoner Complaint that challenges his incarceration beyond his mandatory release date and statutory discharge date. Plaintiff was granted leave to proceed pursuant to 28 U.S.C. § 1915 on May 21, 2015.

Upon review of the Complaint, Magistrate Judge Gordon P. Gallagher determined that Plaintiff's claims were similar to the claims raised against the same named defendants in Case No. 15-cv-00497-LTB, which was dismissed because the case he relied on for his claims, *Ankeney v. Raemisch, et al.* No. 13SA336 (Colo. 2015) (en banc), reversed a Colorado Court of Appeals' decision and determined that inmates, such as Mr. Ankeney, are not entitled to have their sentences calculated in the manner advocated by Mr. Ankeney. *Bartlett v. Raemisch, et al.*, No. 15-cv-00497-LTB, ECF No. 11 (D. Colo. May 28, 2015). The Colorado Supreme Court found that for inmates whose crimes were committed after July 1, 1993, good time credits awarded pursuant to

Colo. Rev. stat. § 17-22.5-301, and the earned time credits awarded pursuant to § 17-22.5-302(1) do not constitute the service of an inmate's sentence but rather have significance only for calculating a prisoner's eligibility for release to parole. *Id.* at 3-4. Magistrate Judge Gallagher, therefore, directed Plaintiff to respond and show cause why this action should not be dismissed as repetitious of Case No. 15-cv-00497-LTB.

Plaintiff filed a Letter, ECF No. 7, on June 1, 2015, that the Court construes as a Response to the May 21, 2015 Order to Show Cause. In the Response, Plaintiff argues that this action is not repetitious of Case No. 15-cv-00497-LTB, because he is not challenging the Defendants' failure to award "time," which was the issue in *Ankeney*, but the failure of Defendant's to not apply the Continuous Sentencing Rule in calculating his sentence. ECF No. 7 at 1-2. Based on Plaintiff's Response, the Court will discharge the Order to Show Cause.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court does not act as an advocate for a *pro se* litigant. *See id.* For the reasons stated below, the Court will dismiss the Complaint.

Plaintiff asserts that Defendants have violated his Fourteenth Amendment rights in not applying the Continuous Sentencing Rule to his sentences in four separate convictions. Plaintiff contends that as a result he is being held beyond his mandatory

2

release date and his statutory discharge date. Plaintiff seeks money damages and immediate discharge and release from prison.

Plaintiff's claims for damages are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. "[A] state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . .–if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

It is apparent that Plaintiff has not invalidated the sentence at issue and a judgment would necessarily imply the invalidity of Plaintiff's criminal conviction or sentence. The Court, therefore, finds that Plaintiff's claim for damages challenging the execution of his sentence is barred by the rule in *Heck* and must be dismissed. Even though the claims will be dismissed without prejudice, *see Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996), they will be dismissed for failure to state a claim, *see Hafed v. Fed. Bureau of Prisons, et al.*, 635 F.3d 1172 (10th Cir. 2010) (citing *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248-49 (10th Cir. 2007).

To the extent that Plaintiff seeks immediate discharge and release regarding the execution of his sentence, his sole federal remedy is a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973). Habeas corpus claims may not be raised in a 42 U.S.C. § 1983 action. *Hudson v. Kansas*, 348 F. App'x 370, 371-72 (10th

Cir. 2009) (applying *Wilkinson* to a § 1983 complaint challenging the miscalculation of a prison sentence and finding a § 1983 action will not lie when a state prisoner challenges duration of confinement and seeks immediate release). If Plaintiff wishes to pursue any habeas corpus claims he must file a separate habeas corpus action. Before seeking habeas corpus relief in federal court, Plaintiff, however, must exhaust state court remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, in forma pauperis status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and action are dismissed without prejudice. It is

FURTHER ORDERED that the request for damages is denied pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). It is

FURTHER ORDERED that Plaintiff's request for release is denied without prejudice as more properly filed in a habeas corpus action. It is

FURTHER ORDERED that Plaintiff is denied *in forma pauperis* status on appeal.

DATED at Denver, Colorado, this  7th  day of    July   , 2015.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court